UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Stuckey, | ) | C/A No. 5:17-cv-01573-HMH-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden Travis Bragg, | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I. Factual and Procedural Background

This case was filed by a federal prisoner, David Stuckey ("Petitioner"), who was convicted of conspiracy to distribute narcotics on a guilty plea in this court on May 14, 2012. *United States v. Stuckey*, No. 4:11-cr-417-TLW ("Criminal Matter"); *see* ECF No. 631 in Criminal Matter. Following a sentencing hearing at which Petitioner challenged at least one of the 1994 predicate offenses being used to support an enhanced sentence, Petitioner was sentenced to 360 months in prison as a career offender, 21 U.S.C. § 851. Petitioner's initial § 2255 motion was denied. *See* ECF No. 1094 in Criminal Matter. Among other assertions, Petitioner contended in his § 2255 motion that the 1994 predicate offenses used to support his enhanced sentence were not properly applied. *Id.*

In the § 2241 Petition now under review, ECF No. 1, Petitioner asserts that he is "legally and factually innocent" of being a career offender, relying on a recent United States Supreme Court case: *Mathis v. United States*, 136 S. Ct. 2243 (2016). He also relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), for his argument that his predicate offenses: 2004 and 1994 convictions for distribution of crack cocaine under S.C. Code §§ 44-53-370(a); 44-53-375(a), do not qualify as a controlled substance predicate offenses for career offender sentencing under the applicable Sentencing Guideline, U.S.S.G. 4B1.2(a), (b). He asserts that the § 2255 remedy is inadequate and ineffective to test the legality of his detention because *Mathis* was decided after his conviction became final and it "changed the way Court's may evaluate predicated conviction's for enhancement purposes . . . [and] corrected the use of the modified categorical approach, compared to the categorical approach." Pet. 5, ECF No. 1.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III. Discussion

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). In this

case, Petitioner has already filed one unsuccessful § 2255 motion in his criminal case in this court and there is no indication in the Petition or Memorandum in Support of the Petition that Petitioner requested authorization from the Fourth Circuit to file a second one based on *Mathis* and *Descamps*. It is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (conspiracy to traffic in narcotics) has been deemed non-criminal by any substantive law change since the conclusion of Petitioner's initial § 2255 motion. Instead of challenging his conviction as implicated in *In re Jones*, Petitioner alleges that he is "actually innocent" of his sentence enhancement. He argues that his previous South Carolina convictions for distribution of crack cocaine, S.C. Code Ann. § 44-53-375, do not qualify as controlled-substance offenses for career offender sentencing under 21 U.S.C. § 851 and the applicable United States Sentencing

4

Guideline in light of *Mathis* and *Descamps*. However, neither *Mathis* nor *Descamps* applies retroactively in this Circuit. *See, e.g., Stewart v. United States*, No. ELH-17-1408, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that neither *Descamps* nor *Mathis* is retroactive); *Brandon v. Wilson*, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding *Mathis* non-retroactive). Nor, as previously indicated, does either case affect the validity of Plaintiff's conviction. As a result, Petitioner cannot satisfy the *In re Jones* test for a proper § 2241 petition. Moreover, Petitioner fails to state a valid claim for actual innocence because he presents no new evidence not presented at his sentencing hearing or trial that would support such a claim. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to show actual innocence, one must present new reliable evidence not presented at trial).

Finally, the Fourth Circuit has not extended the reach of the § 2255 savings clause to prisoners, such as Petitioner in this case, who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241).[1] Because Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test

---

[1] Although Petitioner cites *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015) as being favorable to his position, *Surratt* is ineffective because the Fourth Circuit's opinion in *Surratt* was vacated by the court's grant of rehearing en banc, *see* Local R. App. P. 35(c) (4th Cir.) ("Granting of rehearing or rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel."), and was not reinstated when the court found the petitioner's claims to be moot in its ruling on rehearing and dismissed the appeal. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), *petition for cert. filed*, July 21, 2017 (No. 17-5255). Although there is a petition for certiorari pending, at this time, the *Surratt* panel opinion cited by Petitioner is not legal precedent in this Circuit. *Cf. Washington v. Cartledge*, No. CV 9:14-2244-MGL-BM, 2017 WL 2927584, at *2 (D.S.C. July 10, 2017) (noting "a decision on the merits of *Surratt* [subsequent to the en banc argument] had the potential of modifying the § 2241 jurisprudence in this circuit," but that the Fourth Circuit found the appeal to be moot based on the commutation of Surratt's sentence).

the legality of his conviction or sentence and has not presented a cognizable § 2241 claim of actual innocence under the *Jones* case, this matter should be dismissed.

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* because the shortcomings evident in the pleading cannot be corrected by amendment.

IT IS SO RECOMMENDED.

July 31, 2017 Kaymani D. West
Florence, South Carolina United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).